WINE, Plaintiff, v. SUMMER AND COMPANY and SCANLON, Admr., Defendants.

Common Pleas Court, Franklin County.

No. 194836. Decided September 11, 1956.

James F. DeLeone, for plaintiff.
Vorys, Sater, Seymour & Pease, for defendant.

### OPINION

By HARTER, J.

DEMURRER OF JOHN G. WINE (FILED AUGUST 20, 1956) TO AMENDED PETITION OF SUMMER AND CO.—OVERRULED.

Sec. 4123.51.6 R. C., provides, in part, "The decision of a regional board of review shall be the decision of the commission * * *."

To say the least, this is a novel arrangement—one not found in any other statutes. However, it stands as a currently enforced law of Ohio.

Sec. 4123.51.9 R. C., provides, in part:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in

which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

"Notice of such appeal shall be filed by the appellant with the commission and the court of common pleas within sixty days after the date of mailing of the decision of the commission appealed from * * *."

The "confession" implicit in the general demurrer, filed to the amended petition in this case, admits that the decision which forms the basis for this appeal was rendered and "was mailed by said Board (of Review) on January 18, 1956." The demurrer further admits that the "notice of appeal" was filed with the Commission and in this court on March 15, 1956. Accordingly, it is readily apparent that the appeal was made within the statutory time provided by the above quoted statute.

Counsel for the claimant contends that, since the amended petition shows that the employer attempted to appeal from the Board of Review to the Commission, the appellant must press that procedure and procure a decision by the Commission as a condition precedent to an appeal to court. Further, it is contended that the amended petition is vulnerable to demurrer if its fails to show this. To support such argument, the claimant's counsel relies on language in the next-to-last paragraph of §4123.51.6 R. C. We will quote the entire paragraph, emphasizing the language relied upon:

"The decision of a regional board of review shall be the decision of the commission **unless the commission upon application of the administrator, the claimant or the employer, made within twenty days after the date of mailing of the decision of the regional board of review allows an appeal to the commission.**"

Claimant's counsel contends that if you start from the Regional Board to the Commission, you must pursue that course. To fortify that contention he refers the Court to the second sentence of §4123.51.9 R. C., which provides:

"Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission."

Without going into detail in describing our views on this contention, we feel compelled to reject it. These two parts of statutes deal with the problem of "tolling" or "suspending" the time for appeal pending action in the nature of a "rehearing" or on a "motion for new trial" within the framework of the Industrial Commission, and apart from court action. These parts of these statutes do not, as we see it, affirmatively take away a party's **power** to appeal within 60 days from a Board order, should the party wish to press his appeal without waiting for further action by the Commission.

We consider the employer's action of February 23, 1956 (as alleged in the amended petition), and the Commission's decision mailed March 7, 1956, as, in effect, surplusage and nullities for the purpose of our problem on this demurrer. That action of the employer was abortive, and was so recognized by the Commission, because it was taken too late.

These problems should, of course, be considered by the Ohio reviewing courts. Exceptions should be reserved to the claimant as a basis for such consideration, should claimant lose this case upon its merits.